Lisa WILLIAMS, Plaintiff,

v.

Robert BOWMAN; Cal A Terhune, Former Director of the California Department of Corrections; Susann J Steinberg, MD, Deputy Director of the California Department of Corrections Health Care Division; Raymond L Middleton, Former Warden of Valley State Prison for Women; and Jean Howard, MD, Chief Medical Officer at Valley State Prison for Women, in their individual capacities, Defendants.

No. C 01–1067 VRW.

United States District Court, N.D. California.

July 26, 2001.

Michael W. Bien, Shana Margolis, Rosen Bien & Asaro, San Francisco, CA, Donald Specter, Amanda K. Wilson, Prison Law Office, San Quentin, CA, for Plaintiff.

Robert D. Wilkinson, Lisa M. Martin, Baker Manock & Jensen, Fresno, CA, for Defendants.

## ORDER

WALKER, District Judge.

Defendants move to transfer this case to the Fresno Division of the Eastern District of California pursuant to 28 USC § 1404(a), which provides for convenience transfers. For the reasons that follow, defendants' motion (Doc #7–1) is GRANTED.

I

The following factual summary is taken from plaintiff's complaint. Plaintiff is and was at all relevant times an inmate of the California Department of Corrections (CDC). This suit arises out of sexual abuse she allegedly suffered at the hands of Dr. Robert Bowman while she resided at the Valley State Prison for Women (VSPW) in Madera County, California. Bowman was employed as a medical doctor at VSPW.

Plaintiff alleges that from October 1999 to March 23, 2000, she was sexually assaulted, abused, harassed and intimidated by Bowman. The abuse occurred during four separate medical appointments with Bowman. Over the course of these four visits, Bowman allegedly made inappropriate sexual remarks, manipulated plaintiff's genitalia during pelvic exams, fondled plaintiff's breasts, exposed his erect penis, forced plaintiff to touch his penis and attempted to force plaintiff to perform oral sex on him. The final appointment was on March 23, 2000. After the appointment, a female officer named Bennett saw plaintiff crying and contacted the Investigative Services Unit. Bowman was subsequently placed on administrative leave.

Plaintiff alleges that defendants Terhune, Steinberg, Middleton and Howard were aware that doctors at VSPW were performing unwanted pelvic examinations on women prisoners. Specifically, they had received complaints from women prisoners and they knew that Anthony Didomenico, the Chief Medical Officer at VSPW at the time had "stated his belief on national television that female inmates deliberately sought out unnecessary pelvic examinations by the medical staff because it was the only male contact they received." Complaint at 48, 49. Plaintiff also alleges that Bowman had sexually abused two other women, Joanne Noel and Shanna Chase, in May and July 1999.

On the basis of these actions, plaintiff filed this suit on March 21, 2001. She alleges claims under 42 USC § 1983, California statutory law and the California Constitution. She also alleges state common law claims for assault, battery, sexual battery, intentional infliction of emotional distress and negligent hiring, training and supervision.

On May 2, 2001, defendants moved to transfer venue to the Fresno Division of the Eastern District of California. On June 21, 2001, plaintiff submitted an opposition. Defendants Terhune, Steinberg, Middleton and Howard replied on June 28, 2001. Defendant Bowman submitted a separate reply brief the same day. Bowman submitted a separate brief because he

retained individual counsel after the motion to transfer was filed. Bowman joins the original motion but submits new arguments and evidence in his reply brief that were not mentioned in the moving brief. He asks that if the court denies the motion to transfer the denial be without prejudice with respect to him.

Plaintiff moved to strike Bowman's reply brief on the grounds that it raised new arguments and facts not contained in the moving brief. The Ninth Circuit has held: "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990)). Applying that rule to this motion to dismiss, the court at oral argument offered plaintiff the opportunity to submit to the court a supplemental written opposition responding to Bowman's reply. Plaintiff declined this invitation, arguing that it is too early in the case (not enough discovery has yet taken place) for her to be able meaningfully to respond to the reply. Since the court gave plaintiff the opportunity to respond to it, the court will consider Bowman's reply. Plaintiff's motion to strike (Doc # 29–1) is DENIED.

## II

■ Defendants do not contend that venue is improper in the Northern District of California. It is likely that venue is proper in this district since defendant Robert Bowman appears to reside in Saratoga, California, which is in this district, and all defendants appear to reside in California.[1] See 28 USC § 1391(b)(1); see Bien Decl. ¶ 18(A) and Exh. C, Bien Decl. ¶ 18(B),

(C), (D) and (E). Rather than contend that venue is improper in the Northern District, defendants ask the court to transfer the case pursuant to 28 USC § 1404(a).

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 USC § 1404(a). There is no dispute that this action "might have been brought" in the Eastern District of California. A court in the Eastern District plainly would have had subject matter jurisdiction over this suit arising under 42 USC § 1983. See 28 USC § 1331. An Eastern District court would also have had personal jurisdiction over all the California resident defendants, as well as over Howard, even if she does not reside in California, due to her undisputed and substantial contacts with the state of California. Venue in the Eastern District would have been proper because a "substantial part of the events or omissions giving rise to the claim occurred" in that district. 28 USC § 1391(b)(2).

■ Because the case could have been filed in the Eastern District, the court considers the factors relevant to the transfer decision. The statute sets forth two specific factors to consider: the convenience of the parties and the convenience of the witnesses. The statute also asks the court to consider broadly "the interests of justice." Courts have developed lists of factors to consider in deciding whether to transfer venue. Presumably, these factors, to the extent they go beyond the convenience of the parties and witnesses, are relevant to the pursuit of the "interests of justice."

---

**1.** The residence of Howard is uncertain, but Howard works in Jamestown, California.

See Bien Decl at ¶ 18(E).

A judge in this district has recently put forward the following list of factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. See *Royal Queentex Enterprises Inc v. Sara Lee Corp.*, 2000 WL 246599 at *2 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). But this list does not exhaust the possibilities. Compare *Decker Coal Co.*, 805 F.2d at 843 to *Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Some courts do not even list the statutorily prescribed factors: the convenience of the parties and witnesses. See, e g, *Jones*, 211 F.3d at 498–99. In any event, the court concludes that the list found in *Royal Queentex* comports with the text of section 1404(a) and Ninth Circuit precedent.

The burden of showing that transfer is appropriate is on the moving party, here defendants. William W Schwarzer, A Wallace Tashima and James M Wagstaffe, *Federal Civil Procedure Before Trial* § 4:296 at 4–78 (Rutter Group Practice Guide, 2000) (hereinafter Schwarzer). The court now considers the factors.

## A

■ The general rule is that a plaintiff's choice of forum is afforded substantial weight. *Decker*, 805 F.2d at 843; *Fabus Corp.*, 2001 WL 253185 at *1 (N.D.Cal. 2001). But, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Fabus*, 2001 WL 253185 at *1. If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference. *Royal Queentex Enterprises*, 2000 WL 246599 at *3.

Plaintiff is presently incarcerated at the California Institute for Women (CIW) located in Frontera, California, which is in the Central District of California. Bien Decl ¶ 16. Plaintiff will be paroled, however, on January 25, 2002, and intends to reside in Santa Rosa, California after she is paroled. Williams Decl ¶ 6(A), (B) and (C). Defendants argue that because plaintiff does not presently reside in the Northern District her choice of forum should receive little deference. Plaintiff, on the other hand, contends that her intent to reside in the Northern District ought to trigger the deference warranted a forum choice by a resident plaintiff. Apparently, there is little case law addressing this precise scenario.

Plaintiff argues that she is not a resident of the Central District because she does not intend to reside there. In connection with diversity jurisdiction, citizenship depends on presence in a location and an intent to remain there. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986). If that rule were adopted in the venue context, it would mean that plaintiff was not a resident of the Central District. It would not mean, however, that plaintiff was a resident of this district because intent alone is not enough. Citizenship requires living in a place and intending to stay there. Plaintiff would still need to show that she was a resident of this district. Furthermore, there is reason to believe that the Ninth Circuit would hold plaintiff to be a resident of the Central District for purposes of determining whether venue was proper there. See *Arley v. United Pacific Ins. Co.*, 379 F.2d 183, 185 (9th Cir.1967).

None of this, however, answers the precise question before the court: whether

plaintiff's choice of venue in the Northern District, in light of her present incarceration outside of the district but intent to return to the district, should be given substantial deference. The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied into the notion that plaintiffs should be discouraged from forum shopping. But forum shopping is not a concern in this situation. Plaintiff asserts a genuine intention to reside in this district, has presented objective evidence of that intention (Bien Decl, Exh A) and will reside in this district before a trial in the case could occur. Plaintiff has also presented evidence that she has family and close friends in this district. Williams Decl ¶ 6(B).

At the same time, it is speculative whether plaintiff will have the option of being paroled in this district. It is presumed under California law that "an inmate who is released on parole shall be returned to the county that was the last legal residence of the inmate prior to his or her incarceration." Cal Pen Code § 3003(a), (b). In this case, plaintiff's last legal residence was in San Diego, California. Thus, it is presumed that plaintiff will be paroled there.

Because, plaintiff is not a resident of this district and the events giving rise to the case did not occur here, plaintiff's choice of forum cannot be afforded substantial deference. But, since it appears unlikely that plaintiff's choice of this district was a product of forum shopping, the choice should be given some deference.

### B

The court next considers the convenience to the parties. Litigating this case in the Northern District will be more convenient for plaintiff than litigating in Fresno if plaintiff is paroled in this district. As discussed above, that is not certain to happen. Plaintiff intends to reside in Santa Rosa starting January 25, 2002. Until then plaintiff resides in Frontera, California. While Frontera is closer to Fresno than San Francisco, it is not terribly close to either venue. More importantly, plaintiff will have little need physically to go to court until this case goes to trial. That is unlikely to happen before January 25, 2002. Thus, on balance, the Northern District is slightly more convenient for plaintiff.

In their moving brief, defendants argue that the Eastern District is more convenient for them because they all live in the Eastern District. See Def. Br. at 5. This statement is both factually incorrect and misleading. First, defendant Bowman, in his reply brief, admits that he resides in the Northern District. Second, defendants Terhune, Middleton and Steinberg all reside near Sacramento. See Hill Decl ¶ 3(A); Bacci Decl ¶ 2(B); Hill Decl ¶ 3(B). While Sacramento is in the Eastern District, it is closer to San Francisco than it is to Fresno. See Bien Decl ¶¶ 18(B), (C) and (D). Only defendant Howard who works in Jamestown is closer to Fresno than San Francisco (measured from Jamestown). Bien Decl ¶ 17.

Bowman asserts that Fresno is more convenient for him than San Francisco because he will have better access to witnesses and proof in that venue. This is certainly plausible. But the location of witnesses and proof are accounted for by other factors. Counting them in connection with Bowman's convenience would magnify their importance. Thus, defendants have failed to show how litigating this action in Fresno is more convenient for them than litigating in San Francisco. Plaintiff on the other hand has made some showing that San Francisco is more convenient for her than Fresno. Considering the relative means of the parties, Schwarzer § 4:275.1 at 4–75, the court concludes

that the convenience of the parties tips in favor of maintaining venue in this district.

## C

To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance. *Royal Queentex*, 2000 WL 246599 at *6. In their moving brief, defendants identified only two witnesses: Joanne Noel and Shanna Chase. Noel is a prisoner at VSPW and will testify about allegedly similar conduct by Bowman. Chase is a prisoner at CIW in Frontera, California, who is expected to provide testimony similar to that of Noel. Defendants reference Susan Bennett in their declarations but not their brief. Bennett is currently an employee at VSPW. She is the VSPW employee who saw plaintiff crying after her final encounter with Bowman.

The court is satisfied that these three women are likely witnesses. For two of them, Noel and Bennett, having the case proceed in Fresno is significantly more convenient than having it proceed in San Francisco. There is no indication, however, that Noel and Bennett would not testify in San Francisco or would need to be compelled to do so. For Chase, who resides in prison in Frontera, California, the court cannot conclude that Fresno is measurably more convenient than San Francisco. Frontera is closer to Fresno than San Francisco, but it is still approximately 262 miles away. Finally, in September 2001 Chase will be paroled to San Diego. From San Diego, neither Fresno nor San Francisco is convenient. Thus, any added convenience Fresno has for Chase is minimal.

Defendants also point to potential witnesses from a "local hospital" and from the prison. Defendants do not identify any specific witness. Absent a more specific showing that particular witnesses will be necessary at trial, the court cannot consider the convenience of these unnamed witnesses.

■ Plaintiff has identified a number of witnesses who reside in the Northern District. She names three psychologists who treated her and can testify about the effect of Bowman's assault on her. They are Mary Ellen Buckley, Henry Greenstone and O S Glover. All three reside in this district. But perhaps these witnesses will not all be necessary; their testimony appears cumulative. Plaintiff also names two expert witnesses, Mary Ann Kim and Nancy Stoller, both of whom reside in this district. Kim, apparently, is only willing to provide expert testimony if the trial is in San Francisco. The convenience of expert witnesses, however, is given little weight. *Promuto v. Waste Management, Inc.*, 44 F.Supp.2d 628, 639–40 (S.D.N.Y. 1999).

Plaintiff also lists her sister, Cora Webber, and friends, Mark Davidson and Vera Moore, all of whom live in this district. The sister and friends will testify about damages and will "corroborate Ms. Williams' account of the events." Pl Opp. Br. at 8. How the sister and friends will corroborate plaintiff's testimony is not clear to the court. It seems unlikely that the sister and friends have first hand knowledge of Bowman's alleged assault and were they to relate what plaintiff told them happened, there would likely be hearsay problems. The other witnesses plaintiff identifies do not reside in this district or in the Eastern District, much less near Fresno. Thus, they are essentially irrelevant to the inquiry.

In his reply, Bowman lists 14 witnesses living in Fresno or Madera counties that Bowman claims will be relevant to the underlying question of liability. They are: Christine Bobich, Charles Bowers, Stephanie Burmingham, Antoinette Gaines, Jeri Ikuma, Tami Lara, Deanna Starkweather,

Xavier Flores, Stacy Lee, Portia Prater, Asali Richardson, Maria Ramirez, E J Santoro and Henry Starkes. The witnesses will allegedly give testimony that plaintiff was out to get Bowman because he would not give plaintiff appointments when she wanted them, that Bowman had no opportunity to assault plaintiff because the examining room was in plain view and that plaintiff's behavior was inconsistent with her allegations. As stated above, all of these witnesses are located near Fresno.

On the whole, the convenience of the witnesses favors defendants. Plaintiff has identified witnesses in this district, but they are not as important to the litigation as the witnesses defendant Bowman identifies in the Eastern District. The testimony about damages is likely cumulative, the expert's convenience is irrelevant and the friends' testimony is likely inadmissable. The witnesses listed by defendants, on the other hand, will testify about the merits of the case. In the end, the balance of witness convenience favors defendants.

### D

Defendants argue that complaints by inmates against Bowman are likely to be at VSPW. Defendants also point to the possibility of an inspection of the VSPW medical facility as reason evidence will be easier to access if this trial is held in Fresno. Plaintiff argues that most documents will be in Sacramento or in this district. Plaintiff's medical file will accompany plaintiff to the Northern District when she is paroled and CDC investigative materials are likely to be in Sacramento at CDC headquarters. Plaintiff also notes the possibility of records in this district related to Bowman's performance while employed here. Finally, materials related to CDC training policies and procedures are likely to be in Sacramento.

Plaintiff also argues that an inspection of the VSPW facility is unnecessary and

that the total amount of documents will be small enough to be shipped here or to Fresno. The court disagrees that a jury viewing of the VSPW medical facilities is unnecessary. A large part of Bowman's defense appears to be that he had no opportunity to assault plaintiff because the examining room was in plain view during the time he allegedly assaulted her. An inspection of the VSPW medical facility is therefore likely to be necessary. With respect to the location of documents, the court is unconvinced that the amount of documentation involved in this case, even if located outside this district, will be so great as to make shipping the documents unwieldy. In any event, neither party has alleged with particularity the location of relevant documents. The location of documents, consequently, does not favor either side. Since the court agrees that viewing the premises may be necessary, this factor favors transfer to Fresno.

### E

There is no reason to believe that a judge in the Eastern District will be more familiar with the applicable law than the judges of this district. This factor does not favor transfer.

### F

The feasibility of consolidating this claim with others does not appear to be relevant in this case and thus also does not favor transfer.

### G

Fresno and San Francisco have different local interests in this controversy. Fresno is the place where the alleged wrong occurred and thus has a strong interest in this case. Plaintiff alleges not just a single incident of wrongdoing, but a pattern of improper treatment of female inmates at VSPW. This is undoubtedly a concern to

the Eastern District. At the same time, plaintiff may soon become a resident of this district and the principal defendant is now a resident of this district. This gives the Northern District a strong interest in the case as well. But overall, the court must conclude that Fresno has the greater interest in this case. The dispute is one that grew out events and practices at VSPW in Chowchilla, California, which is located in the Eastern District.

### H

Plaintiff has presented some evidence that prisoner civil rights cases proceed more quickly in this district than in the Eastern District. Bien Decl ¶ 23, Exh G. The difference, however, is slight. The average number of days to termination after filing is 420 days in the Eastern District and 365 days in the Northern District. *Id.* This factor, given the small difference, plays a small role.

Considering all of the factors, the court concludes that defendants have met their burden of showing that a transfer is necessary for the convenience of the parties and witnesses and in the interests of justice. The deference owed to plaintiff's choice of forum is slight. The only factors that favor keeping the action here are plaintiff's convenience and the slight congestion differential. On the other hand, the convenience of the witnesses, the location of evidence and the local interest in resolving the dispute favor a transfer.

In sum, plaintiff's motion to strike (Doc # 29–1) is DENIED and defendants' motion to transfer (Doc # 7–1) is GRANTED.

IT IS SO ORDERED.